UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )  | |
| Plaintiff,        ) | |
| )  | No. 6:07-CR-106-KKC-HAI |
| v.        ) | |
| )  | RECOMMENDED DISPOSITION |
| NANCY SUNSHINE LYONS,        ) | |
| )  | |
| Defendant.        ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral from District Judge Caldwell, the Court considers reported supervised release violations by Defendant Nancy Sunshine Lyons. District Judge Caldwell entered a judgment against Defendant on July 21, 2008, following a guilty plea to conspiracy to possess with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. § 846. D.E. 30. Defendant was sentenced to 120 months of imprisonment followed by eight years of supervised release. *Id*. at 2, 3. Defendant began her supervised release term on September 18, 2015.

In July 2016, Defendant's supervised release was revoked after she was found to have violated three conditions of her supervision, including associating with a person convicted of a felony, using a controlled substance, and committing a crime. D.E. 63. Defendant was sentenced to eighteen months of imprisonment, with seven years, two months, and twenty-five days of supervised release to follow. *Id*. Defendant began her second term of supervised release on October 5, 2017.

On February 13, 2018, Judge Caldwell approved a no-action report after Defendant was caught using oxycodone and buprenorphine. D.E. 65. Defendant completed a substance abuse treatment program at that time.

On November 14, 2018, Defendant's term of supervised release was revoked after she was found to have violated the terms of her supervised release. D.E. 77. Specifically, Defendant was found to have (1) used a controlled substance and (2) committed a crime. *Id*. at 1. Defendant was sentenced to six months of imprisonment, to be followed by five years of supervision. *Id*. at 2-3.

On March 15, 2024, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings and secured an arrest warrant on March 18, 2024. Defendant was arrested on March 19, 2024. The Report charges Defendant with two violations stemming from use of oxycodone and cocaine. Violation #1 alleges that Defendant failed to refrain from the unlawful use of a controlled substance in violation of the terms of her supervised release. This is a Grade C violation. Violation #2 alleges that Defendant committed a violation of 21 U.S.C. § 844(a). This is a Grade B violation.

I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on March 22, 2024. D.E. 87. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of her right to a preliminary hearing. *Id*. At that time, the United States made an oral motion for detention; Defendant argued for release. *Id*. After hearing argument on the issue, the Court found that Defendant met her burden under Rule 32.1(a)(6) to justify release. *Id*. Defendant was released after being admonished that she must abide by all conditions of the existing judgment while released. *Id*. The USPO was directed to frequently conduct drug screens of Defendant before the final hearing. *Id*.

At the final hearing on April 2, 2024, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 89. Defendant waived a formal hearing and stipulated to the violations set forth in the Report. *Id.* She acknowledged knowing use of a pill she thought was oxycodone, but denied knowing it contained cocaine. She admitted, however, the laboratory confirmation of cocaine was definitive. The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that she engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

The United States recommended a sentence of 12 months of imprisonment with a two-year term of supervision to follow. The United States recognized that this was a tough case, given that, at the time of the violations, Defendant had just a few weeks left on her supervision term. The United States recognized that Defendant has been a positive influence within her community and acknowledged that she is not a significant threat to it. But the United States also stressed the seriousness of the initial offense. The United States explained that its recommendation was based on Defendant's repeated violations of her supervised release conditions.

Defense counsel did not make a recommendation, other than to say that there would be no objection to lifetime supervision. Defense counsel explained that he was representing Defendant because she saved his granddaughter from "a bad alcohol issue." Defense counsel explained that

3

Defendant was able to get through to his granddaughter when others could not. And defense counsel explained that Defendant has helped other individuals just like she helped his granddaughter. While defense counsel acknowledged that Defendant was not perfect, he stressed that Defendant has tremendously helped the community.

Defendant allocuted. She explained that this violation has been different than her previous ones. Defendant explained that she has grown up a lot since her last revocation and has gotten help to address issues from her past that were "holding [her] back." Defendant said that she is back in school. She further detailed how she has opened a business, in which she helps people who have problems with addiction. Defendant explained that the people she works with help keep her accountable, finding it particularly helpful when someone she's been helping calls her to tell her about how they are doing. Defendant conveyed that she adopted her sister's children after her sister was in an accident. Defendant explained that she has purchased a home, but would lose it if she returned to prison for the length of time being recommended by the United States. She also explained how she only used the illegal substance because she was in debilitating pain due to lupus. She further explained how she had previously refused an oxycodone prescription because she was afraid that it would lead her back down "the spiral of addiction."

II.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant's conviction pursuant to 21 U.S.C. § 846 for conspiring to possess with intent to distribute more than five grams of crack cocaine is a Class A felony. See 21 U.S.C. §§ 841(a)(1), 846, 851 (Defendant was sentenced in 2008 under a prior version of § 841(b)(1)(B).). For a Class A felony, the maximum

4

revocation sentence provided under 18 U.S.C. § 3583 is five years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade C violation with respect to Violation #1 and a Grade B violation with respect to Violation #2. Given Defendant's criminal history category of V (the category at the time of Defendant's conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is twelve to eighteen months. *See* U.S.S.G. § 7B1.4(a). Both parties agreed to this calculation of the range. Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and has remained cognizant of it in forming its recommended revocation sentence. *E.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

Congress does mandate revocation in a case of this nature. By statute, the Court must revoke Defendant's release because she possessed a controlled substance. *See* 18 U.S.C. §

5

3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of 18 U.S.C. § 3583(g)(1). *See United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995); *see also United States v. Metcalf*, 292 F. App'x 447, 449 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection."). The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief. *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court was "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)"). The record does not support application of the exception.

The presence of a Grade B violation means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release."). Even if revocation were not mandatory, revocation would be appropriate in this case due to the nature of the violation.

### III.

The Court has reviewed the entire record, including the Report and its accompanying documents, the letters tendered by defense counsel (but not filed in the record), and Defendant's underlying judgment and sentencing materials. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Through that consideration, the Court recommends that Defendant's supervision be revoked and that she be sentenced to time served followed by six additional months of supervised release.

First, the Court considers the nature and circumstances of the underlying offense. Defendant's underlying conviction is indeed a serious one. Drug trafficking harms the community and must be treated seriously. Defendant's conduct here is tangentially related to her initial conviction. But Defendant's underlying offense occurred more than a decade-and-a-half ago. Further, the basis for her violation (drug use) and for her underlying conviction (drug trafficking) are meaningfully different. More importantly, Defendant has since turned her life around and become a force for good in her community.

Thus, the Court next considers Defendant's history and characteristics. Defendant had a difficult upbringing. Despite that, she has taken care of her family by caring for her sister around the clock after a serious car accident, adopting her sister's children, and looking after her mother. Further, Defendant has provided services to those suffering from addiction, breaking down the barriers that keep individuals trapped in the drug life. The help that Defendant has given to others in her community in leaving the drug life strongly influences the Court's recommended disposition, including the significant variance from the range.

The need to deter criminal conduct, both for Defendant and society, as well as the need to protect the public from further crimes heavily influences the Court's recommended sentence. Based on her allocution, the Court does not believe that Defendant is drug-seeking. Additionally, the Court assesses that the risk Defendant will engage in further criminal conduct, particularly because of the choices – such as declining an oxycodone prescription – she has made, is low. Furthermore, the fact that Defendant's unlawful use of a controlled substance was a response to her medical condition indicates that she does not pose a significant risk to the public. Defendant's work in the community getting others to leave the drug life leads the Court to believe that requiring her to serve a more-than-nominal term of imprisonment would harm the public by exposing it to

7

more serious crimes committed by those trapped in the drug life. In reaching that conclusion, the Court relies on the fact that this violation resulted merely from a temporary lapse in judgment and does not appear to be a return to previous patterns of behavior.

The Court must also consider whether a defendant needs any education, training, or treatment. Here, Defendant does not need any education, training, or treatment. In fact, Defendant is helping other individuals get drug treatment.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines range be supported by a specific reason that justifies the extent of the deviation). Here, the Court believes Defendant already understands and feels the consequence of her violations, and there is no reason to believe that prison will foster future compliance. Additionally, sending Defendant to prison despite her role in McCreary County helping others with addiction would potentially harm the community for a relatively minor violation that was an understandable (albeit not excusable) result of her suffering due to a medical condition. The Court finds such a result is unwarranted.

In fashioning its recommended sentence, the Court must take into account whether an additional term of supervised release is warranted. Here, a short additional term of supervised release is warranted to ensure that Defendant continues to conform her conduct to the law and to account for her breach of the Court's trust.

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). While any violation of the terms of supervised release causes the Court's trust to be breached, particularly when it comes late in an individual's term of supervised release, that breach is addressed by the additional six-month period of supervised release that Defendant will be subjected to.

In short, the Court finds that a six-month extension of Defendant's supervised release following a term of imprisonment of time served (the three days spent in custody prior to her initial appearance) is sufficient but no greater than necessary to address all of the 18 U.S.C. § 3553(a) factors that are imported into the § 3583(e) analysis.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violations;

(2) That Defendant be sentenced to a term of imprisonment of time served;

(3) That Defendant's term of supervised release be extended to October 11, 2024.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 89. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Caldwell's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 4th day of April, 2024.

Signed By:
**Hanly A. Ingram**
United States Magistrate Judge